UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-mj-8530-WM

United States of America
v.
**Mark Anthony SWEETING,**
**Mark Anthony WALTERS,**
and
**Shailindra BHAWANIE,**
         **Defendants.**

_____/

FILED BY ___SW___ D.C.
Oct 13, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?  ☐ Yes  ☑ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ☑ No

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ☑ No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
   *Susan Osb* (signature)

ASSISTANT UNITED STATES ATTORNEY
District Court No.  A5500797
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   561-209-1003
Fax:   (561) 820-8777
Email: susan.osborne@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Mark Anthony SWEETING,<br>Mark Anthony WALTERS,<br>and<br>Shailindra BHAWANIE,<br>*Defendant(s)* | Case No.  24-mj-8530-WM |

FILED BY ____SW____ D.C.
Oct 13, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   October 9, 2024,   in the county of   Palm Beach   in the Southern District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(iv) | Alien smuggling (defendant SWEETING) |
| 8 U.S.C. § 1327 | Aiding or assisting certain aliens to enter (defendant SWEETING) |
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal re-entry by aggravated felon (defendants WALTERS and BHAWANIE) |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

SEAN R COHEN
Digitally signed by SEAN R COHEN
Date: 2024.10.13 14:36:53 -04'00'

*Complainant's signature*

Sean Cohen, Special Agent, HSI
*Printed name and title*

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1. by FaceTime, this
Date:   October 13, 2024

*Judge's signature*

City and state:   West Palm Beach, FL      William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sean R. Cohen, first being duly sworn, depose and state as follows:

### Introduction

1. I am a Special Agent (S/A) with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the HSI West Palm Beach, Florida office. I have been employed by HSI since 2011. I have successfully completed the Criminal Investigator Training Program and Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Among my responsibilities as a HSI Special Agent, I am trained and empowered to investigate crimes against the United States, as more fully described in Titles 8, 18, 19, and 21 of the United States Code.

2. The facts set forth in this affidavit are based on my personal knowledge, information obtained in this investigation from others, including other law enforcement officers, my review of documents, pictures and computer records related to this investigation, and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about October 9, 2024:

    a. Mark Anthony SWEETING, who is charged with alien smuggling and aiding or assisting certain aliens to enter, is a citizen and national of the Bahamas. SWEETING did not have permission to come to or enter the United States legally. SWEETING committed the crimes of alien smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and aiding or assisting certain aliens to enter, in violation of 8 U.S.C. § 1327.

1

b. Mark Anthony WALTERS, who is charged with re-entry after deportation by an aggravated felon, is a citizen and national of Guyana. WALTERS was previously deported from the United States on October 27, 2021, after being convicted on June 23, 2020, for selling narcotics, including heroin. WALTERS did not have permission to come to or enter the United States legally. WALTERS committed the crime of illegally re-entering the United States after deportation or removal, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2).

c. Shailindra BHAWANIE, who is charged with re-entry after deportation by an aggravated felon, is a citizen and national of Guyana. BHAWANIE was previously deported on November 14, 2002, after being convicted on January 28, 2000, in the State of New York for the aggravated felony offense of burglary, 2nd degree. BHAWANIE did not have permission to come to or enter the United States legally. BHAWANIE committed the crime of illegally re-entering the United States after deportation or removal, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2).

**Probable Cause**

3. On Wednesday, October 9, 2024, at approximately 1700 hours, U.S. Border Patrol Agents assigned to the West Palm Beach Station (WES) were notified by the Boynton Beach Police Department (BBPD) of a possible migrant landing in Gulf Stream, Florida.

4. U.S. Border Patrol (WES) Agents responded to the landing site and were informed by BBPD officers that observed SWEETING on a boat that had landed on the beach. Ten individuals ran off the boat, for a total of 11 migrants, including SWEETING. The following is a breakdown of the 11 migrants, who were all adults: 2 Bahamians, 6

Haitians, 2 Guyanese, and 1 Dominican.

5. Eleven subjects involved were apprehended by U.S. Border Patrol and local agencies. BHAWANIE and WALTERS are the two Guyanese individuals listed above. One Bahamian male identified as Mark SWEETING had identified himself to BBPD as the vessel captain/owner and asked how he could get assistance removing the vessel from the beach. Later, when HSI agents attempted to speak to SWEETING, SWEETING asked for an attorney.

6. The 11 migrants were then turned over to the U.S. Border Patrol. Two subjects, including one pregnant female, were transported to a local hospital for a medical evaluation, and the remaining subjects were then transported to the U.S. Border Patrol Station located in Riviera Beach, FL for an immigration inspection. The vessel remained on the beach due to strong storm conditions associated to Hurricane Milton.

**7.** On Friday, October 11, 2024, SWEETING asked to speak to agents. In a post-*Miranda* interview, SWEETING told HSI West Palm Beach special agents in sum and substance that he drove the boat from Bimini, Bahamas to the United States. SWEETING said that he thinks the boat trip from Bimini, Bahamas to the U.S. took approximately a day and a half. SWEETING said he bought the boat but had not yet registered it in his name. SWEETING said he was not going to be paid, but he brought those on board his boat over to the United States because he was forced to and afraid the smugglers would hurt his family. SWEETING was asked if conditions were choppy during the trip, and SWEETING said it was "dangerous".

## Conclusion

8. Based on the above facts and information, I submit there is probable cause

to believe that on or about October 9, 2024:

      a. Mark Anthony SWEETING committed the crimes of alien smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and aiding or assisting certain aliens to enter, in violation of 8 U.S.C. § 1327.

      b. Mark Anthony WALTERS committed the crime of re-entry after deportation by an aggravated felon, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2).

      c. Shailindra BHAWANIE committed the crime of re-entry after deportation by an aggravated felon, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Sean Cohen
Special Agent
Homeland Security Investigations

Digitally signed by SEAN R COHEN
Date: 2024.10.13 14:38:03 -04'00'

Attested to in accordance with the
requirements of Fed. R. Crim. P. 4.1.
by FaceTime, this 13th day of October 2024.

_____
THE HONORABLE WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   Mark Anthony SWEETING

**Case No**:  24-mj-8530-WM

Count #: 1

Alien smuggling

Title 8, United States Code, Section 1324(a)(1)(A)(iv)

* **Max. Term of Imprisonment:**   5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:**   3 years
* **Max. Fine:**   $250,000 and a mandatory $100 special assessment, plus an additional $5,000 special assessment

Count #: 2

Aiding or assisting certain aliens to enter

Title 8, United States Code, Section 1327

* **Max. Term of Imprisonment:**   10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:**   3 years
* **Max. Fine:**   $250,000 and a mandatory $100 special assessment

***Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  Mark Anthony WALTERS

**Case No**:  24-mj-8530-WM

Count #: 3

Illegal re-entry after deportation by an aggravated felon

Title 8, United States Code, Section 1326(a) and (b)(2)
* **Max. Term of Imprisonment:**  20 years
* **Mandatory Min. Term of Imprisonment (if applicable):**  n/a
* **Max. Supervised Release:**  3 years
* **Max. Fine:**  $250,000 and a mandatory $100 special assessment

***Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   Shailindra BHAWANIE

**Case No**:   24-mj-8530-WM

Count #: 4

Illegal re-entry after deportation by an aggravated felon

Title 8, United States Code, Section 1326(a) and (b)(2)
* **Max. Term of Imprisonment:**   20 years
* **Mandatory Min. Term of Imprisonment (if applicable):**   n/a
* **Max. Supervised Release:**   3 years
* **Max. Fine:**   $250,000 and a mandatory $100 special assessment

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**